(Pleito No. 201.—Fallado el 9 de Junio de 1902.)

## ATILANO contra LÓPEZ.

RECURSO contra sentencia dictada por la Corte de Distrito de Mayagüez.

BIENES RESERVABLES. Son válidas las enajenaciones de los bienes inmuebles reservables hechas por el cónyuge superviviente antes de celebrar segundas bodas.

### SENTENCIA.

En la Ciudad de San Juan Bautista de Puerto Rico, á nueve de Junio de mil novecientos dos, en los autos de juicio declarativo de mayor cuantía, seguidos en la Corte de Distrito de Mayagüez á virtud de demanda de Don Tomás Atilano, Don Temístocles y Don Francisco Toribio Collado y Fradera, propietarios todos y vecinos los dos primeros de la Ciudad de Mayagüez y el último de esta Capital, contra Don Eugenio A. López Quiñones, propietario y vecino de San Germán, sobre reivindicación de bienes reservables; autos pendientes ante Nos, en recurso de casación por infracción de ley, que en el expresado concepto han interpuesto

los demandantes, representados y dirigidos por el Letrado Don Eduardo Acuña Aybar, estándolo la parte demandada por el Licenciado Don Antonio Alvarez Nava.—Resultando: Que Don Toribio Collado y Morales compareció en diez y ocho de Junio de mil ochocientos setenta y siete ante el Notario de San Germán é hizo la descripción de todos los bienes que quedaron al fallecimiento de su legítima esposa Doña Beatriz Fradera y Ojea.—Resultando: Que el mismo Don Toribio Collado y Morales en once de Octubre de mil ochocientos ochenta y seis adjudicó á sus legítimos hijos Doña Clotilde Oliva, Don Francisco Toribio, Don Temístocles, Don Tomás Atilano y Doña María del Carmen Collado y Fradera la hacienda de café y cañas nombrada "Adjuntas", del término municipal de Maricao, en la cantidad de veinte y cinco mil ochocientos veinte y siete pesos, sesenta y cinco centavos, para que en condominio cada cual obtenga la parte que le corresponda por saldo de su haber materno.—Resultando: Que la hija Doña María del Carmen Collado y .Fradera falleció soltera y *ab intestato* en Mayagüez el ocho de Diciembre de mil ochocientos noventa y tres y, por auto de veinte y tres de Febrero del año siguiente, se declaró heredero á su legítimo padre Don Toribio Collado y Morales. —Resultando: Que éste, viudo, como dueño por herencia, de la porción de su hija Doña María del Carmen, Don Salustiano Collado y Morales en representación de su esposa Doña Clotilde Oliva y como dueño de la porción correspondiente á Don Francisco Toribio, Don Temístocles y Don Tomás Atilano Collado y Fradera, vendieron á Don Eugenio A. López y Quiñones, por escritura de siete de Mayo de mil ochocientos noventa y cuatro la referida hacienda "Adjuntas", con el nombre de "Paquita", recibiendo parte del precio de contado y el resto pagadero á plazos, quedando dicha finca hipotecada en garantía del precio aplazado, é inscribiéndose la venta é hipoteca en el Registro de la Propiedad del Distrito.—Resultando: Que Don Toribio Collado y Morales falleció conservando su estado de viudez el ocho de Mayo de

mil novecientos.—Resultando:   Que con estos antecedentes, Don Tomás Atilano, Don Temístocles y Don Francisco Collado y Fradera establecieron ante la Corte de Distrito de Mayagüez demanda en juicio declarativo de mayor cuantía contra Don Eugenio A. López y Quiñones, para que se declarase á favor de los demandantes y demás hijos el condominio en la hacienda "Adjuntas", hoy "Paquita", por lo que respecta á la porción que vendió su padre y que hubo por herencia de su hija, se solicitaron otros pronunciamientos congruentes, y alegaron como fundamentos de derecho que según el artículo 811 del Código Civil, se trata de bienes reservables que no pudieron enajenarse, puesto que el padre sólo era mero usufructuario de ellos y, habiendo éste fallecido, se extinguió el usufructo y debe pasar la cosa usufructuada á ser propiedad de sus legítimos hijos.—Resultando :   Que dado traslado á la parte demandada, evacuó el trámite oponiéndose en absoluto á lo solicitado, fundándose en razones de orden civil y de orden hipotecario, pues son de aplicación en su sentir los artículos 974 y 975 del Código Civil y el artículo 34 de la Ley Hipotecaria, puesto que en el Registro de la Propiedad no consta el gravamen de reservabilidad ni otro alguno, y en tales condiciones compró López é inscribió la finca en dicho Registro.—Resultando :   Que en el período de prueba se trajo por el actor constancia de que ni Don Francisco ni Doña Antonia Collado y Fradera vendieron ni renunciaron á favor de Don Eugenio A. López y Quiñones derechos de ninguna clase respecto á la finca objeto del litigio.—Resultando :  Que el demandado como prueba trajo, además de la escritura de venta inscrita, una certificación del Registrador de la Propiedad, creditiva de que en ninguna de las inscripciones hechas en el Registro referente á la hacienda "Adjuntas", hoy "Paquita", se hizo constar en forma alguna la calidad de reservable de la parte en condominio heredada por Don Toribio Collado y Morales de su hija Doña María del Carmen Collado y Fradera.—Resultando :   Que seguidos los trámites legales, el Tribunal de

Mayagüez dictó sentencia en diez y siete de Abril del año anterior, absolviendo de la demanda á Don Eugenio A. López y Quiñones, con las costas á los demandantes.—Resultando : Que los hermanos Don Tomás Atilano, Don Temístocles y Don Francisco Toribio Collado y Fradera interpusieron contra esa sentencia recurso de casación por infracción de ley, autorizado por los números 1 y 7 del artículo 1,690 de la Ley de Enjuiciamiento Civil, y citando como infringidos: 1º El artículo 811 del Código Civil, porque este precepto no exige para la reserva las segundas nupcias del conyuge viudo, y porque su espíritu es impedir que el patrimonio familiar pase á manos extrañas en perjuicio de herederos forzosos y necesarios.—2º Los artículos 492, 467, 468, 470, 480, 513 y 522 del mismo Código, por no haberse aplicado, puesto que el padre sólo tenía el usufructo de los bienes que heredó de su hija y no pudo por tanto enajenar la propiedad cuyo usufructo se extinguió por su muerte y debe pasar el dominio á sus legítimos hijos supervivientes.—3º Lós artículos 975, 976 y 977, por aplicación indebida, porque con su criterio se decide el pleito cuando la reserva, objeto de la demanda, no tiene por fundamentos las segundas nupcias del cónyuge viudo.—4º Los preceptos y doctrina de la Ley Hipotecaria á que alude la sentencia en relación á la constitución de hipoteca por bienes reservables; y 5º Error de hecho y de derecho en la apreciación de la prueba que se deriva de la escritura de siete de Marzo de mil ochocientos noventa y cuatro, no sólo porque se prescinde de la acción solidaria de condominio, sino porque se incurre en la suposición de que, por la escritura de veinte y dos de Abril de mil ochocientos noventa y uno, Don Francisco Toribio Collado había cedido sus derechos y acciones de la hacienda "Adjuntas", en lo referente á la porción hereditaria que en ella correspondió á su premuerta hermana Doña María del Carmen, objeto preciso de la reclamación.—Resultando: Que las representaciones y defensas respectivas de las partes no asistieron al acto de la vista.—Visto, siendo Ponente el

Juez Asociado Don José Mª Figueras Chiqués.—Considerando: Que es indudable que en la cuestión planteada existen todos los requisitos de la reserva troncal creada por el artículo 811 del Código Civil.—Considerando: Que la Dirección general de los Registros en su resolución de veinte y cinco de Junio de mil ochocientos noventa y dos y las sentencias del Supremo de Madrid de ocho de Noviembre de mil ochocientos noventa y cuatro y treinta de Diciembre de mil ochocientos noventa y siete, han resuelto que aunque los artículos 974, 975, 977 y 978 del Código Civil, refiérense exclusivamente á la reserva que originan las segundas nupcias, muestran tan claramente el criterio del legislador en orden á la enajenación de los bienes reservables, que no es aventurado aplicarlos á la solución de una cuestión nacida del artículo 811, y que éste no resuelve.—Considerando por tanto: Que si según el artículo 974 del Código Civil son válidas las enajenaciones de los bienes inmuebles reservables, hechas por el cónyuge superviviente antes de celebrar segundas bodas, es indiscutible que la venta hecha por el viudo Don Toribio Collado y Morales á Don Eugenio A. López y Quiñones, de la porción de terreno que heredó el primero de su hija legítima, es perfectamente válida, tanto más cuanto que el comprador de la parte del inmueble enajenado, no estando el mismo anotado marginalmente como reservable, inscribió oportunamente su derecho.—Considerando: Que no son por consiguiente de aplicación al caso de autos las disposiciones que se citan en el segundo motivo del recurso referentes al usufructo, y por tanto no han podido ser infringidas por el Tribunal sentenciador.—Considerando: Que resueltas por los fundamentos expuestos las tres cuestiones capitales planteadas en el recurso, es innecesario ocuparse de las demás por no tener finalidad práctica de ningún género.—Fallamos: Que debemos declarar y declaramos no haber lugar al recurso de casación interpuesto por Don Tomás Atilano, Don Temístocles y Don Francisco Toribio Collado y Fradera, á quienes condenamos al pago

de las costas; y líbrese á la Corte de Mayagüez la oportuna certificación, devolviéndole los autos que ha remitido para los efectos procedentes.—Así por esta nuestra sentencia, que se publicará en la *Gaceta,* le pronunciamos, mandamos y firmamos.

José S. Quiñones.—José C. Hernández.—José M.ª Figueras.—Louis Sulzbacher.—J. H. McLeary.

Publicación.—Leída y publicada fué la anterior sentencia por el Señor Juez Asociado de este Tribunal Don José M.ª Figueras Chiqués, celebrando audiencia pública dicho Tribunal en el día de hoy, de que como Secretario certifico, en Puerto Rico á nueve de Junio de mil novecientos dos.— Antonio F. Castro, *Secretario.*